# McCoull

*v.*

# City of Manchester.

*(Supreme Court of Appeals of Virginia, February 2, 1888.)*

[4 S. E. Rep. 848.]

Municipal Corporations—Negligence—Defective Streets—Plead-
ing.*

A declaration in an action against a city for damages for
negligently and wrongfully allowing a pile of sand, which plaintiff
averred it was the city's duty to remove, to remain in and
obstruct a street, which does not also allege that defendant negli-
gently permitted the obstruction to remain without using suitable
precautions to prevent injuries to persons using the street, by
having placed at that point the necessary and proper lights and
signals, does not state a cause of action.

Error to corporation court of Manchester; S. Bassett
French, Judge.

Action by C. L. McCoull, Jr., against the city of Man-
chester for negligently permitting the obstruction of a street
of the city, whereby plaintiff's horse was killed, and he
also sustained personal injuries. Judgment for defendant.
Plaintiff appeals.

*W. R. Meredith*, for plaintiff in error.

*W. J. Clopton*, for defendant in error.

Hinton, J., delivered the opinion of the court.

---

*See monographic note on "Municipal Corporations" appended to
Danville *v.* Pace, 25 Gratt. 1 (Va. Rep. Anno.).

This is a case of little difficulty, and chiefly important because of the principle it is supposed to involve. It has been argued as if the question to be decided depended upon the correct application of certain well-established and fundamental principles respecting the liability of municipal corporations for the neglect of itself and of third persons to use suitable precautions to guard the public against injury from obstructions in one of the streets which the corporation had authorized such persons to place therein. But no such case is set out in the declaration.

Upon an examination of the declaration it will be seen that the breach of duty with which the corporation is charged, and for which it is sought to be held liable, is that it negligently and wrongfully allowed a pile of sand of certain named dimensions, which it is alleged to have been the duty of the city to have removed, to remain in Hull street in said city, whereby the plaintiff, who was ignorant of the existence of such obstruction, unintentionally rode his mare in the night-time upon and against it, thereby killing the horse and injuring the plaintiff, and that nowhere in the declaration is it alleged that the corporation failed to use suitable precautions to prevent injury to persons using the street from this obstruction by having the necessary and proper lights and signals. Had there been an allegation in the declaration that the corporation negligently permitted the obstruction to remain without proper lights and signals, there would have been an allegation of the omission of something which it was the duty of the corporation to have done. But, there being no such allegation in the declaration, of course there can be no proof of such a state of facts permitted. Every obstruction of a public highway is not necessarily unlawful. Highways may often be lawfully obstructed, where there is a manifest necessity therefor, as the authorities all show. But this does not relieve the corporation of its duty to supervise and see that the obstruction is so guarded that the pub-

lic may not receive injury therefrom. The city had the right to pass the ordinance authorizing the obstruction in this case. It was a legislative or discretionary exercise of power which it had the undoubted right to make, and if judgment is to be given in this case according to the very right of the case, as disclosed in the pleadings judgment must be for the defendant.

The trouble here is not that there is in the declaration a defective statement of a good case, but that the declaration states a defective case, and this defect is not cured by the statute of jeofails. The plaintiff cannot set out a case which shows that he has no cause of action and recover upon proof improperly admitted, because irrelevant to the case presented, of another and different cause of action. The judgment is therefore right, and must be affirmed.